IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 24, 2013 at Knoxville

**KEVIN D. MCMILLAN v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Hickman County**
**No. 13-CV-18      James G. Martin, III, Judge**

---

**No. M2013-01193-CCA-R3-HC   Filed October 14, 2013**

---

The Petitioner, Kevin D. McMillan, pled guilty to the sale of a controlled substance, less than 0.5 grams of cocaine. The trial court sentenced the Petitioner to three years of incarceration, to be served consecutively to two other convictions, in the Tennessee Department of Correction. The Petitioner filed a *pro se* petition for a writ of habeas corpus, which the habeas court summarily dismissed. On appeal, the Petitioner contends that the habeas court erred when it summarily dismissed his petition. After a thorough review of the record and applicable law, we affirm the habeas corpus court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and NORMA MCGEE OGLE, JJ., joined.

Kevin D. McMillan, Only, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel Harmon, Assistant Attorney General; Kim R. Helper, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I. Facts**
**A. Trial Court**

On August 16, 2007, the Petitioner entered a plea of guilty in Davidson County Criminal Court to the sale of a controlled substance, less than 0.5 grams of cocaine. Pursuant to the plea agreement, the Petitioner agreed to a three-year sentence, to be served consecutively to an eight-year sentence he was serving for two prior convictions, for an

effective sentence of eleven years. The trial court ordered the Petitioner to serve his three-year sentence with the Tennessee Department of Correction ("TDOC"), and it noted on the judgment that it ordered the Petitioner to serve his sentence in "TDOC because [the Petitioner is] serving [an] 8 year sentence."

## B. Habeas Corpus Court

The Petitioner filed a petition for a writ of habeas corpus on April 16, 2013, alleging that his sentence was illegal because the trial court ordered him to serve his three-year sentence in the TDOC, which the Petitioner contends was in violation of Tennessee Code Annotated, section 40-35-104(b).

On April 23, 2013, the habeas corpus court summarily dismissed the Petitioner's petition, stating that the Petitioner's contention that "his place of confinement resulting from the judgment entered August 7, 2007, reflecting that he was to serve his sentence with the [TDOC]" did not "justify [the habeas corpus court] granting relief on either his Motion or his Petition." The habeas corpus court found that the Petitioner had made no showing that "the convicting court was without jurisdiction or authority to sentence him[,]" and it dismissed the petition.

It is from this judgment that the Petitioner now appeals.

## II. Analysis

On appeal, the Petitioner contends that the habeas corpus court erred when it concluded that the trial court's judgment was not illegal or that the trial court did not lack jurisdiction when it ordered the Petitioner to serve his sentence with the TDOC; he contends that the trial court "use [sic] the consecutive sentencing law to abrogate T.C.A. § 40-35-104(a), (b) and T.C.A. § 40-35-212(a) in order to deny [him] the right to serve his three year sentence in the CCA Metro Detention Facility[.]" The State responds that the petition fails to state a cognizable claim for habeas relief, arguing that the trial court had the authority to order the Petitioner's "continuous confinement in TDOC" and that, because the Petitioner's effective sentence is eleven years, Tennessee Code Annotated section 40-35-104, which addresses total sentences of at least one year but not more than three years, does not apply. We agree with the State.

Article I, section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief. *See Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007). Although the right is guaranteed in the Tennessee Constitution, the right is governed by statute. T.C.A. § 29-21-101 to 130 (2006). The determination of whether habeas corpus relief should be granted is

a question of law and is accordingly given *de novo* review. *Smith v. Lewis*, 202 S.W.3d 124, 127 (Tenn. 2006); *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000). Although there is no statutory time limitation which applies to bar the filing of a habeas corpus petition, the grounds upon which relief can be granted are very narrow. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999).

It is the burden of the petitioner to demonstrate by a preponderance of the evidence that "the sentence is void or that the confinement is illegal." *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). In other words, the very narrow grounds upon which a habeas corpus petition can be based are as follows: (1) a claim there was a void judgment which was facially invalid because the convicting court was without jurisdiction or authority to sentence the Petitioner; or (2) a claim the Petitioner's sentence has expired. *Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000); *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). "An illegal sentence, one whose imposition directly contravenes a statute, is considered void and may be set aside at any time." *May v. Carlton*, 245 S.W.3d 340, 344 (Tenn. 2008) (citing *State v. Burkhart*, 566 S.W.2d 871, 873 (Tenn. 1978)). In contrast, a voidable judgment is "one that is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity." *Taylor*, 995 S.W.2d at 83; *see State v. Ritchie*, 20 S.W.3d 624, 633 (Tenn. 2000).

The Petitioner's contention that his sentence is a violation of Tennessee Code Annotated section 40-35-104 is not a valid claim for habeas corpus relief. The purpose of a habeas corpus petition is to contest a void, not merely voidable, judgment. *Hutton v. State*, No. M2005-00585-CCA-R3-HC, 2005 WL 3487815, at *2 (Tenn. Crim. App. 2005) (citing *State ex rel. Newsome v.* Henderson, 424 S.W.2d 186, 189 (Tenn. 1968)). The Petitioner cannot collaterally attack a facially valid conviction in a habeas corpus proceeding, *Hutton*, 2005 WL 3487815, at *2 (citing *Potts v. State*, 833 S.W.2d 60, 62 (Tenn. 1992); *State ex rel. Holbrook v. Bomar*, 364 S.W.2d 887, 888 (Tenn. 1963)). Thus, habeas corpus relief is available only "when it appears on the face of the judgment of record" that a convicting court was without authority to sentence a defendant. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993).

Tennessee Code Annotated, section 40-35-104(b) provides for available locations for incarceration. It states that a sentencing court can sentence felony offenders to incarceration only in the TDOC, unless the county otherwise contracts with the TDOC or a resolution is passed for defendants with eligible sentences. The Petitioner's allegation that his place of confinement is in violation of the statute, if true, can not be shown on the face of the judgment and, therefore, is not a cognizable claim. Furthermore, the statute is inapplicable in that the Petitioner's effective sentence is eleven years, consisting of the eight-year sentence from his prior convictions and a consecutive three-year sentence from the Davidson

County conviction.

Accordingly, the Petitioner's sentence is not void and thus, his claim is not a valid one for habeas corpus relief. The Petitioner is not entitled to relief.

### III. Conclusion

Based on the foregoing reasoning and authorities, we affirm the judgment of the habeas corpus court.

_____
ROBERT W. WEDEMEYER, JUDGE